UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vara Birapaka, | Civ. No. 17-4090 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| U.S. Army Research Laboratory, The Regents of the University of California, The Regents of the University of California and Griffith University, University of PA, Wayne State University, Purdue University, The Trustees of Indiana University, University of Central Florida, East Central University, Oregon State University, Consortium for Public Education, Greater Muskegon Catholic Schools, Mona Shores Public Schools, BD of Trust/Comm. Col. District 535, Rutgers University, University of Texas, Dartmouth College, Dept of Material Science and Engineering, Rutgers University/NASA, University of Utah, University of Texas, Wright-Patterson A.F. Base, Max Plank Institute, Germany, McGill University/US Army, The University of Texas Health Science Center, San Antonio, University of Illinois, Chicago, University of California-Berkeley, University of Texas-Arlington, University of Texas-Austin, Bilkeni University Turkey, Qualcomm, Inc., University of Melbourne, University of California-San Diego, US Navy Research Laboratory, University of Southern California, Guangzhou Zheng, LEO Pharma, Inc., Malcom Fraser, University of Notre Dame, Randy Lewis, University of Wyoming, Kim Thompson, Kraig Biocraft Laboratories, Inc., Lincoln Laboratory, Massachusetts Institute of Technology, D-Wave Corporation, International Business | |

Machine, Inc., Lockheed Martin, General
Dynamics, Alphabet, Raytheon, Dept. of
Justice Legal Counsel, Dept. of Defense
General Counsel, Director, DIA ASD(P),
Minnesota Dept. of Human Services,
Central Intelligence Agency, Federal
Bureau of Investigation, National Security
Administration, Mark Dayton, Governor of
Minnesota, Lori Swanson, Minnesota
Attorney General, City of Eagan, David
Wade, City of Bloomington, Vicki S.
Thompson, and Seungdo Kim,

                     Defendants.

This matter is before the Court on eight Motions to Dismiss filed by 11 Defendants. For the following reasons, the Motions are granted and this case is dismissed with prejudice.

**BACKGROUND**

Plaintiff Vara Birapaka, proceeding pro se, filed the instant lawsuit on August 31, 2017, naming as Defendants more than 50 individuals, companies, organizations, military branches, and educational institutions. He amended his Complaint on September 22, 2017, to include no fewer than 65 Defendants.[1] According to the Amended Complaint, "[t]his case is about human subject research and experimentation, intelligence warfare, trafficking, torture, violation of civil and human rights, industrial espionage, RICO Violations, oppression and enslavement by technological and other means . . . ." (Docket No. 14 at 2.) Birapaka asserts that Defendants are liable to him for activities ranging

---

[1] The precise number of named Defendants is unclear, because Birapaka seems to have named some Defendants more than once, and some Defendants' locations are listed on the docket as separate Defendants, likely because of a lack of clarity in Birapaka's filings.

from "Intellectual Property Theft" and "Violations Under the Foreign Intelligence Surveillance Act," to "Forced Drugging" and "Aggravated Assault and Battery." (Id. at 4.) According to Birapaka, Defendants have violated no fewer than 50 federal statutes, and several international treaties. (Id. at 6-7.) Birapaka alleges that, more than seven years ago, unspecified Defendants implanted him with nanomaterial without his consent, and that he has since that time been the victim of remote monitoring, harassment, attacks, and torture. (Id. at 10, 12.) He claims that Defendants' "eventual goal" is to "murder[] him in an act of genocide." (Id. at 11.) He asks the Court to enter an injunction, presumably ordering Defendants to stop their allegedly illegal activities. (Id.) He also asks the Court to help him investigate his allegations, and "to facilitate removal of the nanomaterial from [his] body." (Id. at 14.)

Birapaka includes in the Amended Complaint a copy of an affidavit of Dr. Susan Kolb, who avers that she removed a "foreign device" from Birapaka's ear on March 31, 2017. (Id. at 47.) Dr. Kolb offers her "professional opinion" that the device was "implanted into Mr. Birapaka's body." (Id.) The Amended Complaint also contains a copy of report on the alleged device written by Dr. Hildegarde Staninger. (Id. at 49-56.) Dr. Staninger claims that the "specimen" is "an implantable biosensor technology." (Id. at 53.) Such technology is, according to Dr. Staninger, "used in the monitoring of chronic diseases such as cancer . . . as well as the hybridization of the human." (Id. at 54.)

The Amended Complaint makes few specific allegations regarding any named Defendant. Rather, the pleading contains a recitation of the alleged harassment and other

3

activities Birapaka believes are connected to the collective Defendants' ostensible implantation of tracking devices into Birapaka's body. Birapaka ascribes nefarious meaning to occurrences such as his failure to secure an interview after sending out 10 resumes to potential employers (id. at 29), ambulances and other emergency vehicles appearing on the freeway (id. at 28), his refrigerator breaking down (id. at 30), and the detection of fraudulent purchases on his credit card (id. at 32). He asserts that the events he describes can only be attributed to Defendants' allegedly illegal activities.

As noted, the Amended Complaint names more than 65 Defendants. Although Birapaka has secured summonses for all or nearly all Defendants, only 11 Defendants have made an appearance, and all of those 11 Defendants have moved to dismiss for failure to state a claim. Rule 4(m) of the Federal Rules of Civil Procedure requires that the Court dismiss without prejudice any Defendant not served within 90 days of a complaint's filing. Birapaka is well aware of this Rule, having had a previous lawsuit dismissed under Rule 4(m). Birapaka v. United States, Civ. No. 16-4350 (D. Minn. dismissed July 31, 2017). Yet he has not effected service on more than 50 Defendants in the more than six months that this matter has been pending.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that

4

the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

Each of the moving Defendants raise arguments regarding why the Amended Complaint must be dismissed as to them, and all of their individual arguments are undoubtedly correct. They commonly argue that the Amended Complaint utterly fails to state any claims on which relief can be granted in this Court, and that argument, too, is correct. The allegations in the Amended Complaint are implausible at best and a reflection of rampant paranoia at worst. And even if the allegations were plausible, Birapaka has not even attempted to allege how any of his contentions relate to any specific Defendant. And it is difficult to imagine that, for example, moving Defendants Mona Shores Public Schools or Greater Muskegon Catholic Schools, secondary school districts in Michigan, played any role whatsoever in Birapaka's allegations. Moreover, Birapaka's Amended Complaint is far from the "short and plain statement" of claims that Rule 8(a)(2) requires, making dismissal appropriate on that basis alone.

Ultimately, however, even if Birapaka had made specific claims against specific Defendants, the Court has no jurisdiction to entertain the fantastical claims Birapaka makes here. "Many of Plaintiff's claims represent the type of 'bizarre conspiracy theories,' 'frivolous,' and 'essentially fictitious' claims that are patently insubstantial and present no federal question suitable for decision." Detar v. United States Gov't, 174 F.

5

Supp. 3d 566, 570 (D.D.C. 2016).  Because none of Birpaka's claims are cognizable in federal court, or indeed in any court, this case must be dismissed.

**CONCLUSION**

    Accordingly, **IT IS HEREBY ORDERED that**:

1. General Dynamics's Motion to Dismiss (Docket No. 80) is **GRANTED**;

2. Lori Swanson, Mark Dayton, and the Minnesota Department of Human Services' Motion to Dismiss (Docket No. 85) is **GRANTED**;

3. Qualcomm, Inc.'s Motion to Dismiss (Docket No. 97) is **GRANTED**;

4. The Cities of Bloomington and Eagan's Motion to Dismiss (Docket No. 94) is **GRANTED**;

5. Mona Shores Public Schools' Motion to Dismiss (Docket No. 55) is **GRANTED**;

6. Greater Muskegon Catholic Schools' Motion to Dismiss (Docket No. 91) is **GRANTED**;

7. University of Central Florida's Motion to Dismiss (Docket No. 100) is **GRANTED**;

8. Oregon State University's Motion to Dismiss (Docket No. 105) is **GRANTED**; and

9. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 18, 2018        *s/ Paul A. Magnuson*
                                 Paul A. Magnuson
                                 United States District Court Judge